UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Jason Russ<br>PO Box 125<br>Lewis Center, OH 43035<br><br>      Plaintiff,<br>v.<br><br>JP Recovery Services, Inc.<br>20220 Center Ridge Rd., # 370<br>Cleveland, OH 44116-3568<br><br>and<br><br>JOHN AND JANE DOES 1-10<br><br>      Defendants. | CASE NO.: _____<br><br><br><br>JUDGE<br><br><br><br>**VERIFIED COMPLAINT**<br><br><br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

Here comes Plaintiff Jason Russ, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant JP Recovery Services, Inc. (hereinafter "Defendant") and Defendant John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the invasions of Plaintiff's personal privacy by Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Jason Russ (hereafter "Plaintiff"), is an adult individual whose residence is in Lewis Center, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, JP Recovery Services, Inc. ("JP"), is an Ohio business entity with an address of 20220 Center Ridge Road, # 370, Cleveland, Ohio 44116-3568, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Defendants John and Jane Does 1 - 10 are the individual collectors for the JP, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

7. JP at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to JP for collection, or JP was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. JP Engages in Harassment and Abusive Tactics

12. Within the last year, JP began contacting Plaintiff in an attempt to collect the Debt.

13. Frustrated with continued calls, Plaintiff contacted undersigned counsel.

14. On October 19, 2017, at Plaintiff's request, undersigned counsel transmitted to JP a Cease and Desist letter, demanding that all calls to Plaintiff cease, using United States Postal Service.

15. In complete disregard of Plaintiff's written Cease and Desist request, JP continued to call Plaintiff in an attempt to collect the Debt.

16. JP contends that it did not receive the Cease and Desist letter in this case and in other similar cases.

## COUNT I
### (Violations of the Fair Debt Collections Practices Act)
### (15 U.S.C. § 1692, et seq.)

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants contacted Plaintiff after having received written notification from Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

19. Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

20. Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

21. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

22. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
### (Violation of the Ohio Consumer Sales Practices Act ("OCSPA"))
### (O.R.C. § 1345.01, et seq.)
### (Against Defendants United only)

23. Plaintiff incorporates by reference all of the above paragraphs as if fully restated herein.

24. Plaintiff is a "consumer" as defined by O.R.C. § 1345.01(D).

25. Defendant is a "supplier" as defined by O.R.C. § 1345.01(C).

26. At all relevant times Defendant was engaged in a "consumer transactions" as "suppliers" as defined in O.R.C. § 1345.01(A).

27. O.R.C. §1341.02 prohibits "suppliers" from using unfair or deceptive practices.

28. O.R.C. §1341.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

29. Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

30. Defendants' debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

31. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants is subject to punitive damages.

32. Defendants' acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above-cited provisions and as such Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.R.C. § 1345.09(F)(1);

4. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

5. Punitive damage; and

6. Such other and further relief as this Court may determine to be just and proper.

Dated: April 13, 2018

Respectfully submitted,

By:  /s/ *Sergei Lemberg*

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com
Attorneys for Plaintiff:
Jason Russ

## **JURY DEMAND**

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

    /s/ *Sergei Lemberg*
Sergei Lemberg, Esq.

## **VERIFICATION**

I, Jason Russ, do hereby affirm that:

    1. I reviewed the foregoing complaint.

    2. With regard to the allegations to which I have personal knowledge, I believe them to be true.

    3. With regard to the allegation to which I do not have personal knowledge, I believe them to be true based on information obtained by my counsel.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Jason Russ